June 28, 2010

The Honorable Bill Moore
Johnson County Attorney
Guinn Justice Center
204 South Buffalo Avenue, Suite 410
Cleburne, Texas 76033-5404

Opinion No. GA-0784

Re: Whether a sheriff has a conflict of interest under Local Government Code chapter 171 concerning certain bail-bond duties of the sheriff, when the Sheriff's stepson and his stepson's wife are employed as agents of a bail bond surety (RQ-0849-GA)

Dear Mr. Moore:

You ask whether a sheriff has a conflict of interest under Local Government Code chapter 171 concerning certain bail bond duties of the Sheriff, when his stepson and his stepson's wife are employed as agents of a bail surety.[1] You inform us that the Sheriff is a member of the Johnson County Bail Bond Board (the "Board") under chapter 1704 of the Occupations Code and currently serves as the Board's chair. Request Letter at 2; TEX. OCC. CODE ANN. §§ 1704.053–.054 (Vernon 2004 & Supp. 2009). Request Letter at 2. Specifically, you ask about certain statutory duties of a sheriff to accept or reject a defendant's bail bond or, after a defendant's bond has been forfeited, incarcerate the defendant or verify the defendant's incarceration in another jurisdiction. See Request Letter at 4–7 (citing articles 17.16 and 22.13(a)(5)(A)–(B) of the Code of Criminal Procedure, and sections 1704.201 and 1704.2535 of the Occupations Code).

Chapter 171 generally governs local public officials' pecuniary conflicts of interest. TEX. LOC. GOV'T CODE ANN. §§ 171.001–.010 (Vernon 2008). A "[l]ocal public official" is "a member of the governing body or another officer, whether elected, appointed, paid, or unpaid, of any district (including a school district), county, municipality, precinct, central appraisal district, transit authority or district, or other local governmental entity who exercises responsibilities beyond those that are advisory in nature." Id. § 171.001(1). A sheriff is an elected county officer. TEX. CONST. art. V, § 23 ("There shall be elected by the qualified voters of each county a Sheriff, who shall hold his office for the term of four years, whose duties, qualifications, perquisites, and fees of office, shall be prescribed by the Legislature . . . ."). A sheriff exercises a multitude of "responsibilities beyond those that are advisory in nature." TEX. LOC. GOV'T CODE ANN. § 171.001(a) (Vernon 2008); see, e.g., TEX. CODE CRIM. PROC. ANN. art. 2.17 (Vernon 2005) (designating sheriff as conservator of the peace); TEX. LOC. GOV'T CODE ANN. §§ 85.001 (Vernon 2008) (sheriff's oath to conserve the

---

[1]See Request Letter at 1 (available at http://www.texasattorneygeneral.gov).

peace), 351.041(a) (Vernon 2005) ("The sheriff of each county is the keeper of the county jail."). Thus, the sheriff is a local public official generally subject to chapter 171. *See* Tex. Att'y Gen. Op. No. GA-0419 (2006) at 1 n.2 (suggesting that sheriff consider potential application of chapter 171); Tex. Att'y Gen. LO-93-054, at 1 (observing that chapter 171 applies to "local public officials such as sheriffs").

Section 171.003 of the Local Government Code prohibits a local public official from (1) acting as a surety for business entities dealing with the county, (2) acting as a surety on official bonds required of officers of a governmental entity, or (3) violating section 171.004. TEX. LOC. GOV'T CODE ANN. § 171.003 (Vernon 2008). Section 171.004 requires a local public official who "has a substantial interest in a business entity or in real property" to file an affidavit disclosing the interest and to abstain from further participation in certain governmental decisions affecting the business entity [2] or real property. *Id.* § 171.004. An interested local public official is not required to abstain from participation, however, "if a majority of the members of the governmental entity" are likewise required to file an affidavit of interest in the same matter. *Id.* § 171.004(c).

You have asked that we assume that the Sheriff's stepson has a substantial interest in the bail bond company because of the salary the stepson receives from the bail bond company, and that the stepson's salary is community property. Request Letter at 2. Section 171.002 provides that "[a] local public official is considered to have a substantial interest under this section if a person related to the official in the first degree by consanguinity or affinity, as determined under Chapter 573, Government Code, has a substantial interest under this section." TEX. LOC. GOV'T CODE ANN. § 171.002(c) (Vernon 2008). Consanguinity is a relationship by blood, including adoption, and is determined by the number of generations that separate two individuals. *See* TEX. GOV'T CODE ANN. §§ 573.022–.023(a) (Vernon 2004). Affinity is a relationship by marriage and the degree of relationship by affinity "is the same as the degree of the underlying relationship by consanguinity." *See id.* §§ 573.024(a), .025(a); *see also* Tex. Att'y Gen. Op. No. JC-0063 (1999) at 2 ("A relationship in the first degree by affinity also exists when the spouse of one of the individuals is related in the first degree by consanguinity to the other, that is, between a person and his or her parents-in-law, son- or daughter-in-law, and the children of his spouse."). Applying these statutory provisions, the Sheriff is related to his wife's son in the first degree by affinity. Thus, for purposes of this opinion, we assume that the Sheriff has a "substantial interest" in the bail bond company by virtue of his relationship to his stepson.

Your questions do not concern the Sheriff's duties as a member of the Board, and we do not address them here. Rather, you ask about individual duties of the Sheriff in his official capacity as

---

[2]A "[b]usiness entity" under chapter 171 is "a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or any other entity recognized by law." As defined, the term is sufficiently broad to include an entity such as a bail bond company. TEX. LOC. GOV'T CODE ANN. § 171.001(2) (Vernon 2008).

sheriff concerning his acceptance of a bail bond and other duties of the Sheriff following bail bond forfeiture.[3]

You note that in two opinions, this office has determined that particular law enforcement actions were not subject to section 171.004. Request Letter at 4 (citing Attorney General Opinions JM–776 (1987) and GA-0510 (2009)). In Attorney General Opinion JM-776, this office concluded that an investigator's determination of the existence of probable cause to make a warrantless arrest when his spouse owed and operated a bail bond business was not the kind of "vote or decision" described in section 171.004. Tex. Att'y Gen. Op. No. JM–776 (1987) at 5. In Attorney General Opinion GA-0510, this office concluded that section 171.004 did not apply to a constable's decision to order a vehicle towed, stating that "the apparent purpose of section 171.004 does not include ordinary law enforcement decisions." Tex. Att'y Gen. Op. No. GA-0510 (2007) at 3. In light of these opinions, you ask whether a sheriff's bail bond and forfeiture duties statutorily imposed by certain statutes are "ordinary law enforcement decisions" excluded from section 171.004's application. Request Letter at 4–8.

Section 171.004 does not expressly exclude an "ordinary law enforcement decision" from its provisions. Rather, in opinions GA-0510 and JM-776, this office determined from a review of the statute that the Legislature could not have reasonably intended it to apply to the law enforcement decisions at issue in those opinions. Section 171.004 provides:

> (a)  If a local public official has a substantial interest in a business entity or in real property, the official shall file, before a vote or decision on any matter involving the business entity or the real property, an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter if:
>
> (1)  in the case of a substantial interest in a business entity the action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public[.]

---

[3]Under section 1704.201 of the Occupations Code, a sheriff is required to accept a bail bond from a surety licensed by the county "if: (1) the bond is for a county or district case; (2) the bond is executed in accordance with this chapter and the rules adopted by the board; and (3) a bail bond is required as a condition of release of the defendant for whom the bond is executed." TEX. OCC. CODE ANN. § 1704.201 (Vernon 2004). The sheriff is not to accept a surety's bonds, however, if the board has notified the sheriff that a surety has not paid a final judgment of forfeiture, until the surety has satisfied the judgment. Id. § 1704.2535. You suggest that the Sheriff's review and acceptance or refusal to accept a bond constitutes a decision having a special economic effect on a business entity, the surety, that is distinguishable from the effect on the public. Request Letter at 4–5.

Concerning forfeiture, article 22.13 of the Code of Criminal Procedure provides that a defendant's timely incarceration after a judgment of forfeiture may relieve the surety of liability on the bond. TEX. CODE CRIM. PROC. ANN. art. 22.13(a)(5)(A)–(B) (Vernon 2009). Also, a sheriff's verification that a defendant is incarcerated in another jurisdiction discharges a surety from liability for a judgment of forfeiture. Id. art. 17.16(a)–(b) (Vernon 2005). You contend that the Sheriff's decision to apprehend and incarcerate a defendant under article 22.13 or to provide verification of incarceration under article 17.16 would have a special economic effect on the surety. Request Letter at 6–7.

TEX. LOC. GOV'T CODE ANN. § 171.004(a)(1) (Vernon 2008). Section 171.004 applies to a "local public official," which, as defined, could be an individual official as well as an official who is a member of a governing body. *Id.* §§ 171.001(1), .004(a)(1). The section does not expressly state what constitutes a "vote or decision," although the procedure required—disclosure and abstention—clearly applies to the vote or decision of a governing body. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0337 (2005) (application to directors of river authority and groundwater district); GA-0090 (2003) (application to county judge or commissioner with respect to commissioners court vote or decision); JC-0155 (1999) (application to member of city council). A member of a governing body may file an affidavit disclosing the member's interest in a business entity or real property and abstain from further participation, thereby allowing the governing body to vote or decide the issues concerning the business entity without the involvement of the interested official. *See* TEX. LOC. GOV'T CODE ANN. §§ 171.004, .006 (Vernon 2008); Tex. Att'y Gen. Op. No. GA-0068 (2003) (stating that "chapter 171 permits a city council and other local governmental bodies to transact business with business entities even though a member of the body has a financial interest in the transaction").

While an official acting individually does not "vote," arguably such an official may make a "decision" in the broadest sense of the word.[4] However, it is not reasonable or feasible to impose section 171.004's disclosure and abstention requirements on a decision that the law imposes on a specific official. *See* TEX. GOV'T CODE ANN. § 311.021(3)–(4) (Vernon 2005) (stating the presumption that, in enacting a statute, the Legislature intends "a just and reasonable result" and "a result feasible of execution"); Tex. Att'y Gen. Op. No. JM–776 (1987) at 5 (reasoning that "[c]learly, it was not intended that an investigator file an affidavit before making a decision on whether probable cause existed to make a warrantless arrest").

Moreover, when the law requires a specific official to perform a certain duty, abstention may not be a viable option. You ask about certain statutory duties of a sheriff to accept or reject a bail bond, incarcerate a defendant post forfeiture, or verify a defendant's incarceration. *See* Request Letter at 4–7 (citing articles 17.16 and 22.13(a)(5)(A)–(B) of the Code of Criminal Procedure, and sections 1704.201 and 1704.2535 of the Occupations Code); *see* TEX. CONST. art. XVI, § 1 (constitutional oath of elected officers to "faithfully execute the duties of the office"); TEX. LOC. GOV'T CODE ANN. § 85.001(b)(4)(A) (Vernon 2008) (sheriff's bond conditioned on sheriff's faithful

---

[4]In several prior opinions this office held open the possibility that duties imposed on an individual official might constitute a "decision" subject to section 171.004 of the Local Government Code. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0360 (2005) at 5–6 (stating that a county auditor is a "local public official" under chapter 171, but determining for other reasons that the auditor need not comply with section 171.004), DM-303 (1994) at 3 n.3 (assuming without deciding that duties of a county auditor are subject to section 171.004); Tex. Att'y Gen. LO-93-54, at 1–2 (concluding that chapter 171 does not preclude a sheriff from acting as a volunteer firefighter). *Cf.* Tex. Att'y Gen. Op. No. GA-0510 (2009) at 2 (stating that "the statutory disclosure and abstention requirements [of section 171.004] do not apply to a local public official who is not authorized to participate in any vote or decision of the local governing body that could have a special economic effect on the official's business entity").

performance of duties "established by law").[5]  It does not appear that the Legislature intended that section 171.004's disclosure and abstention requirements apply to these statutory duties of the sheriff.  We conclude that the conflict of interest provisions of section 171.004 of the Local Government Code do not apply to a sheriff's performance of bail bond and forfeiture duties under sections 1704.201 and 1704.2535 of the Texas Occupations Code and articles 17.16 and 22.13 of the Texas Code of Criminal Procedure when the sheriff's stepson or stepson's wife are agents of a bail bond surety.

---

[5]Even when a deputy performs duties of the sheriff, the sheriff remains responsible for the deputy's official acts. TEX. LOC. GOV'T CODE ANN. § 85.003(d)–(e) (Vernon 2008); *see also Whirl v. Kern*, 407 F.2d 781, 795 (5th Cir. 1968), *cert. denied*, 396 U.S. 901 (1969) (stating that a sheriff's statutory duty as keeper of the county jail "cannot be avoided by delegating authority over the jail to deputies or other subordinates").

## S U M M A R Y

The conflict of interest provisions of section 171.004 of the Local Government Code do not apply to a sheriff's performance of bail bond and forfeiture duties under sections 1704.201 and 1704.2535 of the Texas Occupations Code and articles 17.16 and 22.13 of the Texas Code of Criminal Procedure when the sheriff's stepson or stepson's wife are agents of a bail bond surety.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee